GARDNER HOLCOMB *v.* STEPHEN FOXWORTH, Executor, &c.

ATTACHMENT: ACTION ON BOND, UNDER ACT OF 1822: LIABILITY OF PRINCIPAL
MUST BE FIRST FIXED.—A joint action against the principal and sureties, in an
attachment bond, taken under the act of 1822 (Hutch. Dig. 804), cannot be
maintained, until the liability of the principal has been first fixed by a sepa-
rate suit against him.

IN error from the Circuit Court of Marion county.    Hon. W. L.
Harris, *judge.*

This is an action by the obligee against the principal and sure-
ties in an attachment bond, taken in 1842, under the provisions of
the Act of 1822.    Hutch. Dig. 804.

The bond is conditioned " that the plaintiffs in attachment shall
prosecute their suit with effect ; or, in case they fail therein, shall
well and truly pay and satisfy to the defendant in attachment, all
such costs and damages as shall be awarded against them in any
suit or suits which may be hereafter brought, for wrongfully suing
out the attachment."

The declaration averred, as a breach of the condition, that the
plaintiffs in the attachment had not prosecuted their suit with effect,
but that the same was dismissed, and that there was no lawful
ground for suing out the said attachment ; and then set out the
damages, which the plaintiff (in this action) had sustained thereby.

The defendant demurred to the declaration, upon the ground that
it did not show that a suit had been brought against the principal,
and a recovery of damages had as to him ; and that this was essen-
tial to the maintenance of an action on the bond against the sure-
ties.

The court sustained this demurrer, and the plaintiff refusing to
plead further, judgment final was entered for the defendant ; to
revise which he sued out this writ of error.

*J. F. Foute,* for the plaintiff in error.

*E. Saffold* and *John T. Lampkin,* for defendant in error,

Cited *Wallis* v. *Wallace*, 6 How. Miss. 254; *Bosbyshell* v. *Emanuel*, 12 S. & M. 63; *Amos* v. *Allnutt*, 2 Ib. 215; *Proskey* v. *West*, 8 Ib. 711.

FISHER, J., delivered the opinion of the court.

This was an action of debt, brought in the Circuit Court of Marion county, upon two attachment bonds executed by Allen Barnes as principal, and others as his securities. The defendants below demurred to the declaration, on the ground that it was not averred that a judgment had been recovered by the plaintiff against the principal for damages occasioned by wrongfully suing out the attachments, or that he had failed to pay such damages. The court below sustained the demurrer, and from this judgment this writ of error has been prosecuted.

It will be seen, from this statement of the case, that the only question to be considered is, whether a joint action can be maintained on an attachment bond against the principal and sureties before a recovery of damages in a separate suit against the principal.

The language of the statute on this subject is as follows : " Now, if the said —— shall prosecute his said suit with effect, or in case he fail therein, shall well and truly pay and satisfy the said —— all such costs and damages as shall be awarded against him, his heirs, &c., in any suit which may be hereafter brought for wrongfully suing out the said attachment, then the above obligation to be void," &c. Hutch. Code, 804. This language does not admit of construction. Its plain meaning is, that the suit shall be brought in the first instance against the principal in the bond, and that an action can only be maintained thereon in the event of a failure by him to pay the costs and damages recovered in such separate suit.

Judgment affirmed.